# CASES DETERMINED

## August Term, 1894.

---

Johnston and another, Respondents, vs. King and others, Appellants.

*April 13 — October 2, 1894.*

*Replevin: Parties: Sale pending suit.*

Under sec. 2801, R. S., an action of replevin may be continued by the original plaintiff although, pending the action, he has sold the property.

APPEAL from the Circuit Court for *Waupaca* County. This is an action of replevin to recover possession of a printing-office outfit. It appeared by the plaintiffs' evidence that the property had been sold to one F. Cleary while the action was pending. The defendants asked leave to amend the answer so as to set out " that, as it now appears, the plaintiffs are not the real parties in interest in the action." Leave to so amend was denied. The defendants then moved for a nonsuit on two grounds: " First, on the ground that the plaintiffs are not the parties in interest; second, on the further ground that there has been a sale of this property since the action was commenced." This motion was also denied. The contention in this court involved the correctness of this ruling only. There was a verdict and judgment for the plaintiffs, from which the defendants appeal.

*Charles D. Smith*, for the appellants, contended, *inter alia*, that in an action of replevin the court should inquire into the title and possession of the property down to the day of trial. *Johnson v. Neale*, 6 Allen, 229; Cobbey, Replevin, sec. 97; *Mitchell v. Roberts*, 50 N. H. 486; *Richardson v. Reed*, 4 Gray, 441; *Knapp v. Smith*, 27 N. Y. 277; *Marshall v. Cunningham*, 13 Ill. 20; *Philbrick v. Goodwin*, 7 Blackf. 18; *Hamilton v. Mitchell*, 6 id. 131. If it appears that a change in possession or ownership has taken place during the pendency of the suit, defendant is entitled to judgment. See cases cited in brief of counsel in *Wilde v. Paschen*, 67 Wis. 91; also, *Ingraham v. Martin*, 15 Me. 373; *Whitwell v. Wells*, 24 Pick. 25; *Walpole v. Smith*, 4 Blackf. 306; *Davis v. Harding*, 3 Allen, 303; *Dawson v. Wetherbee*, 2 id. 461; *Simpson v. McFarland*, 18 Pick. 430; *Collins v. Evans*, 15 id. 65; *Allen v. Darby*, 1 Show. 99; *O'Connor v. Blake*, 29 Cal. 313; *Wheeler v. Train*, 4 Pick. 168; *McNeal v. Leonard*, 3 Allen, 268; *Hubloun's Case*, Skin. 65; *Parker v. Mellor*, 1 Ld. Raym. 217; *Presgrave v. Saunders*, 2 id. 984.

*T. L. Cleary*, for the respondents, to the point that a transfer of title did not abate the action, cited *McGean v. Metropolitan E. R. Co.* 133 N. Y. 9; N. Y. Civ. Pro. sec. 756; Pom. Eq. Jur. secs. 181, 231, 242; *Briggs v. Porter*, 1 N. Y. Supp. 669; *Pond v. Irwin*, 113 Ind. 343; *Demby v. Kingston*, 60 Hun, 294; *Perkins v. Marrs*, 15 Colo. 262.

The following opinion was filed May 1, 1894:

NEWMAN, J. The contention in this case is settled by a plain provision of the Revised Statutes. Sec. 2801, on the subject "Survival of Actions and Change of Parties," reads: "In case of a transfer of interest or devolution of liability the action may be continued by or against the original party, or the court may direct the person to whom the interest is transferred, or upon whom the liability is devolved,

to be substituted in the action or joined with the original party, as the case may require." This statute is too plain to admit of construction, and it is not easy to see how words can make its meaning plainer or more easily understood. It is objected that the plaintiffs transferred their interest in the property and suit to F. Cleary while the action was pending. In such a case the statute reads, "the action may be continued by or against the original party." That is precisely what was done in this case. It could not be error. The statute having provided specially for this specific case, it is excepted from the general rule that "every action must be prosecuted in the name of the real party in interest," as certainly as the cases excepted in sec. 2605.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for rehearing was denied October 2, 1894.